IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CR-25-4FL
NO. 7:24-CV-769-FL

| | | |
|---|---|---|
| KAWSHIE LAMAR CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 168) and the government's motion to dismiss (DE 180). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Robert T. Numbers, II entered memorandum and recommendation ("M&R") (DE 191), wherein it is recommended that the court dismiss petitioner's motion and grant the government's motion. Thereafter, petitioner objected to the M&R. (DE 192). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants the government's motion.

### BACKGROUND

The court incorporates herein the facts and procedural history as more particularly set forth in the M&R:

> In February 2022, a federal grand jury indicted Chapman on six counts of drug and weapons offenses. Indictment, D.E. 1. A year later, he pleaded guilty to three of the six charges pursuant to a plea agreement: Conspiracy to distribute and possession with the intent to distribute methamphetamine (Count One), Aiding and abetting in the distribution of 50 grams or more of methamphetamine (Count Six), and Receiving and possessing an unregistered firearm with a barrel under sixteen

inches (Count Twelve). In November 2023, the court sentenced Chapman to 160 months on Counts One and Six with a concurrent 120-month sentence on Count Twelve. J., D.E. 153.[2] Chapman did not pursue an appeal.

Chapman filed a § 2255 motion in August 2024. Mot. to Vacate, D.E. 168; Mem. in Supp of Mot. to Vacate, D.E. 169. He alleges that his attorney was ineffective by failing to challenge the use of a prior New Jersey conviction for the career offender enhancement.[3] Chapman maintains that the 2014 conviction was an inchoate offense which did not qualify as a predicate for a career offender purposes. He also contends that counsel failed to object to the use of the 2023 Guidelines given that his sentencing hearing began before they went into effect.

The government moves to dismiss Chapman's motion. Mot. to Dismiss, D.E. 180. It argues Chapman's arguments lack merit. Contrary to his claim, the government points out that Chapman's attorney challenged the use of his 2014 conviction as a predicate offense under the career offender enhancement. It further argues that the 2014 New Jersey conviction is not an inchoate offense, as Chapman contends, and qualifies as a controlled substance offense for career offender purposes. The government also maintains that the presentence investigation report properly used the 2021 Guidelines, not the 2023 version, to calculate Chapman's advisory guideline range.

In response, Chapman again argues that counsel failed to pursue an objection to his 2014 conviction as a qualifying predicate offense. Resp. to Mot. to Dismiss, D.E. 184. He repeats his argument that his 2014 conviction was an inchoate offense. Id. And he requests that the court hold an evidentiary hearing on the issues he raises. Id.

---

[2] Although the court held a sentencing hearing in September 2023, it continued the matter to allow the parties to submit supplemental pleadings on an whether his previous New Jersey conviction qualified for career offender enhancement as the PSR determined. D.E. 161. The sentencing hearing resumed in November 2023.

[3] The Guidelines explain that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A felony is a crime punishable by one more than one year of imprisonment. See 18 U.S.C. § 3559(a).

(M&R (DE 191) at 2-3).

In order and M&R entered February 26, 2025, the magistrate judge denied petitioner's motion for evidentiary hearing and recommended dismissal of the § 2255 motion on the basis that petitioner did not demonstrate ineffective assistance of counsel. Petitioner thereafter filed

2

objections to the M&R.

## DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

To state a claim for ineffective assistance of counsel a petitioner must show 1) "that counsel's representation fell below an objective standard of reasonableness"; and 2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

The magistrate judge construed petitioner's claim to allege ineffective assistance for failure to object to the inclusion of petitioner's 2015[1] New Jersey conviction (the "2015 New Jersey conviction") as an inchoate predicate offense for a career offender enhancement. (See M&R (DE 191) at 7). Concluding that the 2015 New Jersey conviction is a controlled substance offense and is not inchoate, the magistrate judge found "no grounds [to] conclude that counsel's performance was objectively unreasonable in failing to pursue an unsound claim." (Id. at 8). Under the magistrate judge's construction of petitioner's claim, the analysis in the M&R is thorough and cogent. The magistrate judge correctly determined that petitioner's ineffective assistance of counsel claim lacked merit in light of the record and the circumstances of this case. See Strickland, 466 U.S. at 678–88.

---

[1] The magistrate judge referred to this conviction as the "2014 New Jersey conviction." (M&R at 1). However, according to the PSR, although he was arrested in 2014, petitioner did not plead guilty until 2015. (PSR ¶ 29).

4

However, in his objection, petitioner clarifies that his ineffective assistance claim is not premised on counsel's failure to object to the inclusion of the 2015 New Jersey conviction. Rather, petitioner contends that "the instant offense of conviction for conspiracy or [sic] inchoate offenses [that] should not have been used as a predicate offense for a career offender enhancement," and his counsel was ineffective for failing to object on that ground. (Obj. (DE 192) ¶ 2 (emphasis omitted)). Accordingly, the court conducts de novo review of petitioner's claim under this construction.

According to the United States Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A predicate offense is "[a]n earlier offense that can be used to enhance a sentence levied for a later conviction." Predicate Offense, Black's Law Dictionary (12th ed. 2024).

In this case, the predicate offenses used to apply a career offender enhancement to petitioner's sentence were: 1) the 2015 New Jersey conviction, and 2) a 2020 North Carolina conviction for possession with intent to manufacture, sell, and deliver a Schedule II controlled substance. (PSR ¶ 77; see id. ¶¶ 29, 31).[2] Thus, petitioner's instant offense of conviction for conspiracy was not used as a predicate offense, and it was reasonable for petitioner's counsel to choose not to argue otherwise.

To the extent petitioner intends to argue that a career offender enhancement should not apply to his instant conviction for conspiracy, this argument fails on two points.

---

[2] During sentencing, the court did not specify which of petitioner's prior convictions it considered to be the qualifying predicate crimes for the purpose of sentencing him as a career offender. However, the court adopted the PSR in full. (See Stmt. Reasons (DE 154) at 1).

5

First, an offense that prohibits "the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense" is a "controlled substance offense." U.S.S.G. § 4B1.2(b)(1). Petitioner's conviction for conspiracy in count one includes a conspiracy to "possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance." (Indict. (DE 1) at 1). Therefore, because it includes possession with intent to distribute, count one is a controlled substance offense to which the career offender enhancement is applicable.

Second, even under the 2021 guidelines, which petitioner argues should have been applied, the term "controlled substance offense" includes "conspiring to commit any such offense." U.S.S.G. § 4B1.2(d) (2021 ed.). Thus, the conspiracy portion of count one is a controlled substance offense to which the career offender enhancement applies. Any objection based on the inchoate nature of the instant offenses of conviction would have been futile and it was not error for petitioner's counsel to fail to argue otherwise.

In sum, for these reasons and the reasons set forth in the M&R, petitioner's claims fail as a matter of law and must be dismissed for failure to state a claim upon which relief can be granted.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 191). Petitioner's motion to vacate, set aside, or correct sentence (DE 168) is DENIED, and the government's motion to dismiss (DE 180) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of August, 2025.

LOUISE W. FLANAGAN
United States District Judge